APPENDIX N

## SUMMONS IN A CIVIL ACTION

| UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA | |
|---|---|
| Cynthia Hession<br><br>v.<br><br>Prudential Insurance Company of America | CIVIL ACTION NO.<br><br>TO: (NAME AND ADDRESS OF DEFENDANT)<br><br>Prudential Insurance Company of America<br>P.O. Box 13480<br>Philadelphia, PA 19101 |

### YOU ARE HEREBY SUMMONED and required to serve upon

Plaintiff's Attorney (Name and Address)

Marc H. Snyder, Esquire
Rosen, Moss, Snyder & Bleefeld, L.L.P.
8380 Old York Road, Suite 410
Elkins Park, Pa 19027

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

| Michael E. Kunz, Clerk of Court | Date: |
|---|---|
| (By) Deputy Clerk | |

# CIVIL COVER SHEET

**APPENDIX H**

JS 44 (Rev. 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS**
Cynthia Hession

**DEFENDANTS**
Prudential Insurance Company of America

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Philadelphia
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Marc H. Snyder, Esquire, Rosen, Moss, Snyder & Bleefeld, L.L.P., 8380 Old York Road, Suite 410, Elkins Park, PA 19027 (215) 935-1000

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

1   U.S. Government
Plaintiff

X 3   Federal Question
(U.S. Government Not a Party)

2   U.S. Government
Defendant

☐ 4   Diversity
(Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)   and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| 220 Foreclosure | ☐ 442 Employment | Sentence | X 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

Appeal to District
Judge from
Magistrate
Judgment

1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Erisa 29 U.S.C. §1132(a)
Brief description of cause:

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   **DEMAND $**   CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes   x No

**VIII. RELATED CASE(S) IF ANY**   (See instructions):   JUDGE   DOCKET NUMBER

DATE   4-12-06   SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**I.     Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**II.     Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.     Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.     Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.     Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**          Example:          U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.     Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.     Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

APPENDIX I

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Cynthia Hession | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| Prudential Insurance Company | : | |
| Of America | : | NO. 06-CV- |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court. (See reverse side of this form for a detailed explanation of special
     management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     ( x )


| | | |
|---|---|---|
| 4-12-06 | Marc H. Snyder | |
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| (215) 935-1000 | (215) 935-1110 | msnyder@rmsblaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**APPENDIX I**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Cynthia Hession | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| Prudential Insurance Company | : | |
| Of America | : | NO. 06-CV- |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)  Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                                    ( )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits                                    ( )

(c)  Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d)  Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                                                    ( )

(e)  Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.            ( x )

| | | |
|---|---|---|
| _4-12-06_ | __Marc H. Snyder__ | |
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| | | |
| (215) 935-1000 | (215) 935-1110 | msnyder@rmsblaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1305 Delaware Avenue, Apt. 1510, Wilmington, DE 19806

Address of Defendant: P.O. Box 13480, Philadelphia, PA 19101

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))___  Yes☐  No☐

Does this case involve multidistrict litigation possibilities?  Yes☐  No☒
*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?  Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)
A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
(Please specify)  ERISA

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*
I, Marc H. Snyder, Esquire, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 4-12-06  Attorney-at-Law  81432  Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4-12-06  Attorney-at-Law  81432  Attorney I.D.#

CIV. 609 (4/03)

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1305 Delaware Avenue, Apt. 1510, Wilmington, DE  19806

Address of Defendant: P.O. Box 13480, Philadelphia, PA  19101

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))___   Yes☐  No☐

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒
*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)
A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify)    ERISA

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

**ARBITRATION CERTIFICATION**
*(Check appropriate Category)*
I, Marc H. Snyder, Esquire _____, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 4-12-06 _____ Attorney-at-Law    81432  Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4-12-06 _____ Attorney-at-Law    81432  Attorney I.D.#

CIV. 609 (4/03)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CYNTHIA HESSION | : | |
| PLAINTIFF, | : : | |
| | : | CIVIL ACTION |
| v. | : : | |
| | : | NO: 06-CV- |
| PRUDENTIAL INSURANCE | : | |
| COMPANY OF AMERICA | : : | |
| DEFENDANT. | : : | |

## **COMPLAINT**

Plaintiff, Cynthia Hession, hereby brings a civil action against Defendant, The

Pennsylvania Manufacturers Association Insurance Company, based on the following:

### **The Parties**

1.      Plaintiff, Cynthia Hession ("plaintiff" or "Hession"), an adult individual, is a

citizen of the State of Delaware, who presently resides at 1305 Delaware Avenue, Apt. 1510,

Wilmington, DE 19806.

2.      Defendant, Prudential Insurance Company of America (Prudential), is upon

information and belief an insurance company domiciled within the Commonwealth of

Pennsylvania and licensed to write insurance in the State of Delaware. Upon information and

belief, Prudential's principal place of business for the purpose of effectuating service is P.O. Box

13480, Philadelphia, PA 19101.

3.      At all times material hereto, plaintiff was employed by MBNA Corp, Inc.

(MBNA), and pursuant to plaintiff's employment with MBNA, plaintiff was eligible to receive

benefits pursuant to a Prudential sponsored Group Long Term Disability Plan under Group Policy

-1-

No. G-24923 (the "Plan").

4       This Court has jurisdiction pursuant to the Employment Retirement Income
Security Act of 1974, as amended ("ERISA") 29 U.S.C. § 1132(a).

5.      Venue is proper in this matter pursuant to Title 28, United States Code, Section
1391( c), in that at all times material hereto, the defendant is a corporate entity with a principal
place of business in the Commonwealth of Pennsylvania.

6.      At all times material hereto, defendant acted by and through its agents, servants
and employees who acted within the scope of their authority from defendant.

## THE FACTS
## PLAINTIFF'S LONG TERM DISABILITY BENEFIT PLAN

7.      The allegations in paragraphs 1 through 6 are incorporated herein by reference as
if fully set forth herein at length.

8.      At all material times hereto, until August 20, 2004, plaintiff Cynthia Hession was
continuously employed with MBNA, as a Fraud Services Representative.

9.      At all material times hereto, plaintiff has been eligible for benefits under MBNA's
Group Long Term Disability Plan. The Plan provides for payment of 60% of an employee's
salary in the event of total disability. At the time of plaintiff's disability, plaintiff's gross
monthly salary was $3,023.42.

10.     The Policy defines disability (for initial 36 months) as follows:

    (1)     you are unable to perform the material and substantial duties of your
            regular occupation due to your sickness or injury, and
    (2)     you have a 20% or more loss in your indexed monthly earnings due to that
            sickness or injury.

    Said policy qualifies as an employee benefit plan under ERISA.

11.     As set forth in greater detail below, at all material times hereto, plaintiff has

-2-

suffered from severely disabling back, neck and head pain and symptoms, **which required plaintiff to undergo three (3) cervical fusions at multiple disc levels,** which has prevented her from performing any type of gainful employment since September of 2004.

### SUMMARY OF PLAINTIFF'S DISABILITIES (THROUGH 11/12/04)

12.     The allegations in paragraphs 1 through 11 are incorporated herein by reference as if fully set forth herein at length.

13.     Plaintiff's medical and employment history shows that in April 2001, plaintiff underwent **fusion surgery # 1;** an anterior C5-6 diskectomy and interbody fusion with allograft and anterior plating, performed by a neurosurgeon, Ali, Kalamchi, M.D. (See Exhibit "A"). After a brief recovery time, plaintiff was able to resume her job duties as a fraud analyst, for MBNA. Plaintiff's neck and right arm pain, weakness and numbness were secondary to a 1991 motor vehicle accident.

14.     In the summer of 2004, plaintiff began noting increasing neck pain, spasm, right arm pain and numbness extending to her middle fingers. Via report dated September 1, 2004, Dr. Kalamchi noted that a recent MRI revealed that plaintiff had a C6-7 herniation below her previous C5-6 herniation, with neural compression. (See Exhibit "B").

15.     On September 1, 2004, plaintiff underwent **fusion surgery #2;** an anterior C6-7 microdiscectomy and removal of free sequestrated fragments followed by interbody fusion and instrumentation. (Exhibit "B").

16.     On or about October 4, 2004, plaintiff attempted to return to work for four (4) hours per day. Plaintiff continued to work four (4) hours per day, until on or about November 8, 2004 - at which time plaintiff attempted to increase her work-day to six (6) hours per day. Plaintiff worked six (6) hours per day from November 8, 2004 until November 12, 2004, at which

-3-

time plaintiff was physically and medically incapable of performing the material and substantial duties of her regular occupation.

17.     At all material times hereto, plaintiff has continued to be disabled as per the terms of the Plan.

## PLAINTIFF'S PHYSICAL JOB REQUIREMENTS FOR MBNA

18.     Plaintiff identified the material and substantial duties of her employment as a fraud analyst for MBNA, via a handwritten note, dated October 14, 2005. (See Exhibit "C"). Plaintiff's position required her to sit in front of a computer, keyboard and telephone, 7 ½ hours per day, with constant typing, writing, twisting, turning, cervical flexion, extension and reaching. (Exhibit "C").

19.     On or about November 15, 2004, plaintiff was medically forced to stop working due to suffering from increasingly severe cervical pain and symptoms which precluded plaintiff from performing the substantial and material duties of her employment position. (See Exhibit "D"). Via office note dated December 2, 2004, Dr. Kalamchi medically confirmed plaintiff's inability to perform her job: ("The other concern in the difficulty in driving and coping with daily activities and certainly cannot return back to work in this capacity." (See Exhibit "E").

## PLAINTIFF'S ONGOING DISABILITY

20.     Plaintiff continued to suffer from "sharp, shooting and cramping" cervical and upper right extremity pain and symptoms. In January 2005, plaintiff was referred by Dr. Kalamchi to James E. Downing, M.D., for selective cervical injections. Via report dated April 26, 2005, Dr. Downing noted that the cervical injections "have been of only minimal benefit." Plaintiff continued to complain of "aching and throbbing predominantly axial cervical pain with intermittent radiation to upper extremities." (See Exhibit "F").

-4-

21.     On April 14, 2005, plaintiff was referred by Dr. Downing for a Functional
Capacity Evaluation (FCE). The FCE report identified that plaintiff qualified "for part time
sedentary work at best, with reasonable accommodations in regards to posture variation,
adaptations to work techniques and an ergonomic design of her workstation." **Moreover, via
letter dated October 19, 2005, Michelle Williams, the Occupational Therapist who
conducted the FCE, stated that Prudential materially misrepresented the actual FCE
findings, in Prudential's disability denial letter.** (See Exhibit "G").

22.     In August of 2005, plaintiff was referred for a neurosurgical consult, to James
Harrop, M.D., an Assistant Professor of Neurosurgery at Thomas Jefferson University. Dr.
Harrop noted that a recent CT scan showed "absence of a fusion across the C6-C7 disc space, in
addition to her flexion-extension films, that show her cervical plated flushed to the spine with no
hardware malposition." (See Exhibit "H").

23.     On or about August 31, 2005, plaintiff went for a second neurosurgical consult;
this one with Allan Belzberg, M.D., an Assistant Professor of Neurosurgery at Johns Hopkins
Medicine. Via reports dated August 31, 2005 and October 26, 2005, Dr. Belzberg addressed
plaintiff's surgical alternatives of "an anterior approach with a fusion at C4-5 and a repeat fusion
at C6-7 versus a posterior approach with foraminotomy at C6-7, c5-6 and incorporating the C4-5
with a posterior fusion. (See Exhibit "I").[1]

24.     In November of 2005, plaintiff was referred for a neuroradiological consult with
Kerry J. Thompson, M.D. Via report dated November 21, 2005, Dr. Thomson opined, *inter alia*,
as follows:

---

[1] In February 2006, plaintiff underwent **fusion surgery # 3**, performed by Dr. Belzberg.

> The results of the patient's diagnostic cervical disk injection
> procedure, again performed on October 18, 2005, indicates the
> finding of a major mechanism of pain at the C6-7 disk. In my
> opinion, this result closely correlates with and best explains the
> patient's ongoing post-operative neck pain on the basis of a
> failed fusion outcome at C6-7. To this end, it is my opinion
> that the patient will require another operation to correct this
> condition. ... The patient's clinical condition has progressed to
> the extent where she has a marked loss in functional capacity
> and, under no circumstances, might be expected to tolerate any
> form of employment. In conclusion, the patient's condition
> demands the urgent consideration of medical disability. (See
> Exhibit "J").

25.    On December 13, 2005, plaintiff underwent a Physiatric Evaluation, performed by

Gayle Schwartz, M.D., at the request of Dr. Belzberg. Via report dated December 13, 2005, Dr.

Schwartz opined as follows:

> Ms. Hession presents with chronic neck pain radiating down
> both upper extremities down the back an into both lower
> extremities. She has undergone an ACF C5-6 2001 and ACF
> C6-7 2004, complicated by pseudoarthritis. Discogram was
> positive at C6-7 level. She does have osteophytosis at the C4-5
> level. Significant postural dysfunction is noted. However,
> there is no objective evidence of cervical or lumbosacral
> radiculopathy or myelopathy. Ms. Hession has been treated
> with multiple medications, aquatic and land therapy, and what
> sounds like cervical epidural steroid injections and trigger point
> injections. She plans to proceed with a third surgery in January
> 2006. Again, we do not perform functional capacity
> evaluations here. However, I do not feel that she would be able
> to tolerate and FCE and results would be self-limited by pain
> and of no clinical value. If surgery is not pursued, a trial of
> acupuncture is recommended. No follow-up appointment has
> been arranged. (See Exhibit "K").

26.    All of plaintiff's foregoing medical records, marked as exhibits herein, were

provided to defendant prior to defendant's termination of plaintiff's Long Term Disability

Benefits.

27.    Defendant was further provided with a DVD, in which plaintiff articulated, *inter*

*alia*, how her disability markedly affects her activities of daily living, and preclude her from any type of gainful employment.

28.     Plaintiff continues to suffer from aforementioned severe and disabling symptoms related multiple which, in  aggregate, preclude her from engaging in type of gainful employment.

## DEFENDANT'S WRONGFUL TERMINATION AND DENIAL
## OF PLAINTIFF'S GROUP LONG TERM DISABILITY BENEFITS

29.     The allegations in paragraphs 1 through 28 are incorporated herein by reference as if fully set forth herein at length.

30.     Via letter dated February 16, 2005, from defendant employee, Nicole Dauchert, plaintiff was informed that Prudential has "reviewed the medical information provided by your treating physician and have determined that you are currently totally disabled from your regular occupation as required" by the Policy definition (See Exhibit "L")

31.     Via letter dated March 16, 2005, from defendant employee, Nicole Dauchert, plaintiff was informed that her benefits were being terminated effective April 1, 2005. (See Exhibit "M"). Defendant **falsely, arbitrarily and capriciously** stated that the injections administered by Downing had "helped a lot," when in fact Dr. Downing stated that the plaintiff's "cervical injections have been of only minimal benefit." (Exhibit "F").

32.     Via letter dated May 20, 2005, from defendant employee Katherine Durrell, plaintiff was notified that Prudential was arbitrarily and capriciously upholding its decision to terminate plaintiff's LTD benefits, retroactive to April 1, 2005. (See Exhibit "N").

33.     Defendant **falsely, arbitrarily, and capriciously** stated that plaintiff's FCE well within the sedentary levels, when in fact Michelle Williams, the Occupational Therapist who conducted the FCE, confirmed that Prudential materially misrepresented the actual FCE findings,

-7-

in Prudential's disability denial letter. (See Exhibit "G").

34.    Via letter dated January 6, 2006, plaintiff appealed defendant's arbitrary and capricious decision to terminate her benefits. (See Exhibit "O").

35.    Via letter dated February 6, 2006, defendant denied plaintiff's final appeal. **Inconceivably, Prudential has reached the baseless, arbitrary and capricious conclusion that "there is no medical basis to limit her hours to six.  Ms. Hession's complaints of pain appear to be somewhat exaggerated given review of her medical records ... review of her medical records does not support an impairment that would have prevented her from performing the duties of her regular occupation as of April 1, 2005."** (See Exhibit "P").

36.    Defendant arbitrarily and capriciously made its decision to terminate plaintiff's benefits without taking into consideration plaintiff's ongoing and continuous complaints of severe pain which have been confirmed by her treating physicians and supported by clinical examinations, functional capacity examination, diagnostic tests, and three (3) multi-level cervical fusions.

37.    In accordance with the terms of the policy, plaintiff is eligible to receive monthly disability benefits until she reaches the age of sixty-five (65).

38.    Since defendant was to have provided this employee benefit plan which is covered by ERISA, then defendant is obligated to abide by the terms and conditions as stated in its own policy of coverage.

39.    Under ERISA, defendant is bound to honor its own contract.

40.    Defendant has arbitrarily and capriciously failed and refused to abide by the terms and conditions as stated in its own policy.

41.    Moreover, as a direct result and consequence of defendant's wrongful denial of

-8-


plaintiff's LTD benefits as stated herein, plaintiff has been wrongfully deprived of ancillary benefits, including life insurance, health benefits, dental, and pension benefits.

WHEREFORE, Plaintiff demands judgment against Defendant in the amount of 60% of Plaintiff's gross monthly salary, commencing as of April 1, 2005, and continuing thereon until the earlier of Plaintiff reaching age 65 or the cessation of Plaintiff's total disability, together with reinstatement of Plaintiff's group ancillary benefits (health, dental, life, pension), costs and attorneys' fees in accordance with ERISA regulations, interest, and any such other and further relief as this Court deems just and proper.

**Respectfully Submitted,**

**ROSEN, MOSS, SNYDER & BLEEFELD, LLP**

**MARC H. SNYDER, ESQUIRE**
**Attorneys for Plaintiff**