IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CYNTHIA HESSION, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO.  06-CV-01641 |
| | : | |
| v. | : | |
| | : | |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM

BUCKWALTER S. J.                                                                                              June 8, 2007

   Presently before the Court is Plaintiff's, Cynthia Hession ("Plaintiff or Hession"), Motion for Summary Judgment (Docket No. 9) and all responses thereto and Defendant's, The Prudential Insurance Company of America ("Defendant or Prudential"), Motion for Summary Judgment (Docket No. 10) and all responses thereto.  For the reasons set forth below, Defendant's Motion for Summary Judgment is granted.

## I.     BACKGROUND

   On April 19, 2006, the Plaintiff filed a Complaint with this court seeking reinstatement of her long-term disability ("LTD") benefits from Defendant.  Subsequently, cross motions for summary judgment were filed.

   The Plaintiff is eligible for LTD benefits because she was employed as a Fraud Services Representative by MBNA Corp., Inc. ("MBNA").  MBNA contracted with Prudential to fund, administer and determine LTD benefits for MBNA employees.  (Pl's Mot. Summ. J. ¶¶  2-

3).  The aforementioned contract amounts to an employer sponsored benefit plan ("Plan") and therefore, is subject to the terms and conditions of the Employment Retirement Income Security Act of 1974 ("ERISA").  29 U.S.C. § 1132(a).

On December 4, 2004, the Plaintiff first applied for LTD benefits, and on February 16, 2005, the Defendant approved the Plaintiff's claim.  (Def's Mot. Summ. J. ¶ 2).  The Plaintiff applied for LTD benefits because she was suffering from increasing cervical pain resulting from a failed C6-7 fusion.  (Pl's Mot. Summ. J. ¶¶ 13, 31).  On March 16, 2005, the Defendant notified the Plaintiff that it had reviewed her claim file and determined that her impairment did not preclude her from performing her regular occupation as a Fraud Services Representative and it would be discontinuing her benefits April 1, 2005.  (Pru 00242-00243).  On May 11, 2005, the Plaintiff formally appealed the Defendant's decision and submitted additional medical records including a Functional Capacity Evaluation ("FCE") performed on April 14, 2005.  (Pru 00157, Pl's Mot. for Summ. J. ¶22, Pru 00087-00091).  The purpose of the FCE was to "direct further therapy, evaluate the extent of her [Plaintiff's] disability, and assess her capacity for work in the future."  (Pru 00168).

The Defendant re-evaluated the Plaintiff's claim and on May 20, 2005 notified her that it was upholding its earlier decision to discontinue her benefits.  (Pru 00250-00254).  Again, the Plaintiff appealed the Defendant's decision.  At this point, the Defendant sought and retained a Board Certified Orthopedic Surgeon, Dr. R. David Bauer, to conduct an independent review of the Plaintiff's medical records.  (Def.'s Mot. Summ. J. ¶ 42).  Dr. Bauer's Report concluded that the Plaintiff has some functional impairment, but that she is able to work in a sedentary position for eight hours a day as long as she is able to change positions every forty-five minutes.  (Pru

00067-00071). Upon receipt of Dr. Bauer's Report the Defendant again upheld its earlier decision to discontinue the Plaintiff's benefits. (Def's Mot. Summ. J. ¶ 48).

Below the Court addresses the appropriate standard for summary judgment motions that fall under ERISA and its reasons for granting the Defendant's Motion for Summary Judgment.

## II.   STANDARD OF REVIEW

### A.   Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(c), a party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." F.R.C.P. 56(c). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. Since a grant of summary judgment will deny a party its chance in court, all inferences must be drawn in the light most favorable to the party opposing the motion. U.S. v. Diebold, Inc., 369 U.S. 654, 655 (1962).

### B.   Standard for Reviewing Prudential's Benefit Determination

Both parties agree that this action and the Plan are governed by ERISA. Before reviewing Defendant's decision, the Court must first determine the appropriate standard. Courts review a denial of ERISA benefits under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to

construe the terms of the plan. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). The Supreme Court has noted that in cases where an administrator exercises discretion, "[t]rust principles make a deferential standard of review appropriate" and suggested that courts review such exercises of discretion under the arbitrary and capricious standard. Stratton v. E.I. Dupont De Nemours & Co., 363 F.3d 250, 254 (3d Cir. 2004) (quoting Firestone, 489 U.S. at 111-12). Under the arbitrary and capricious standard, the district court must defer to the administrator of a benefit plan unless the administrator's decision is clearly not supported by the evidence in the record or the administrator has failed to comply with the procedures required by the plan. Abnathya v. Hoffman La-Roche, Inc., 2 F.3d 40, 41 (3d Cir. 1993).

In addressing the appropriate standard of review, the Third Circuit has held that "when an insurance company both funds and administers benefits, it is generally acting under a conflict that warrants a heightened form of the arbitrary and capricious standard of review." Pinto v. Reliance Standard Life Insurance Co., 214 F.3d 377, 378 (3d Cir. 2000). When applying the heightened arbitrary and capricious standard, district courts must use a "sliding scale" approach, "intensifying the degree of scrutiny to match the degree of conflict." Id. at 392. This approach allows the court to "take notice of discrete factors suggesting that a conflict may have influenced the administrator's decision." Id. at 379. The court may take into account the sophistication of the parties, the information accessible to the parties, the exact financial arrangement between the insurer and the company and the current status of the fiduciary. Id. at 392. In addition to these factors, demonstrated procedural irregularity in the review process may also warrant a heightened standard of review. Kosiba v. Merck & Co., 384 F.3d 58, 66 (3d Cir. 2004).

The record for arbitrary and capricious review is the record made before the plan administrator and cannot be supplemented during litigation. Kosiba, 384 F.3d at 67, n. 5 (citing Mitchell v. Eastman Kodak Co., 113 F.3d 433, 440 (3d Cir. 1997)); Abnathya, 2 F.3d at 48, n. 8 (refusing to consider medical evaluations submitted in support of plaintiff's claim for continued disability where the evaluations were submitted months after the plan administrator's final decision to discontinue benefits).

The burden of proof is on the claimant to show that a heightened standard of review is warranted in a particular case. Schlegel v. Life Ins. Co. of N. America, 269 F.Supp.2d 612, 617 (E.D. Pa. 2003). Regardless of whether a court employs the heightened or the deferential arbitrary and capricious standard, a court may not substitute its judgment for that of plan administrators. Stratton, 363 F.3d at 256.

In the instant case, the parties do not dispute, and the evidence is clear that Prudential had the authority and discretion to determine eligibility for benefits; therefore the Court must use the arbitrary and capricious standard of review. Because Prudential both administers and funds the benefits program, there is a conflict of interest sufficient to warrant the heightened arbitrary and capricious standard of review. However, the record lacks evidence showing that the conflict actually affected Prudential's final benefit determination. Thus, only a slightly heightened arbitrary and capricious standard is mandated in this case, affording Prudential's determination a moderate degree of deference.

### III.     DISCUSSION

The Plaintiff argues that her medical records establish that she has been disabled and unable to work since November 12, 2004 and that the Defendant acted arbitrarily and

capriciously when it decided to discontinue her benefits.  (Pl's Mot. Summ. J. at 19).  Specifically, the Plaintiff argues that the Defendant acted arbitrarily and capriciously when it (1) failed to consider and/or credit the reports and opinions of the Plaintiff's treating physicians; (2) failed to consider and/or address Doctors Harrop, Belzberg, and Thompson opinions that the Plaintiff's failed fusion in September 2004 would require the Plaintiff to undergo a third cervical fusion attempt; (3) denied the Plaintiff's disability benefits based on a false representation of the results of the Plaintiff's FCE; (4) misrepresented that it had retained a Board Certified Neurosurgeon to review the Plaintiff's medical records; (5) failed to have Dr. Bauer address whether the Plaintiff had the functional capacity to return to her pre-injury job; (6) failed to consider the Plaintiff's limitations as a result of living with failed cervical fusions; and (7) failed to consider that the Plaintiff was completely disabled as a result of her severe cervical condition and that the Plaintiff will have to undergo a third surgery.  (Pl's Mot. Summ. J. at 21-22).

The Court has concluded that the Defendant did not act arbitrarily or capriciously when it made its decision to discontinue Plaintiff's benefits because there was substantial evidence in the record to support the Defendant's decision.  Below the Court addresses each of the Plaintiff's arguments.

      **1.**      **Failure to consider and/or credit reports and opinions of Plaintiff's treating physicians**

The Plaintiff's argument that the Defendant acted arbitrarily and capriciously because it failed to consider and/or credit reports and opinions of the Plaintiff's treating

physicians[1] is without merit. The record clearly indicates that the Defendant considered Plaintiff's treating physicians' opinions. The following are instances where the treating physicians' opinions are considered within the record:

> 1. Peer Review Report performed by Dr. R. David Bauer. (Pru 00067-00071).
> 2. Letter from Prudential dated February 28, 2006 from Renita S. Powell, Sr. Appeals Analyst. (Pru 000261-000264).
> 3. Various Analysis Sections from SOAP Notes authored by several claim managers. (Pru 000269-271; Pru 000273; Pru 000275; Pru 000277; Pru 000280; Pru 000282-284).

As the above list indicates, the Defendant did not act arbitrarily or capriciously because the Defendant clearly did consider the treating physicians' opinions in denying Plaintiff's benefits.

Furthermore, there is no requirement that a plan administrator credit a treating physician's opinion. Steele v. Boeing Company, No. 05-5274, slip opinion, United States Court of Appeals, Third Circuit, March 16, 2007. ("As properly pointed out by the District Court, ERISA, unlike the Social Security regulations, does not apply a 'treating physician'[2] rule."). Although there is no treating physician rule "plan administrators 'may not arbitrarily refuse to credit a claimant's reliable evidence, including the opinions of the treating physician[,] . . . nor may courts impose on plan administrators a discrete burden of explanation when they credit reliable evidence that conflicts with a treating physician's evaluation.'" Id. at *3 (quoting Black

---

1. Treating Physicians:
>> Neurosurgeons - Dr. Harrop, Belzberg, and Kalamchi
>> Neuroradiologist - Dr. Thompson
>> Spinal Specialist - Dr. Downing
>> Physiatrist - Dr. Schwartz
>> Primary Care Physician - Dr. Silverstein
>> Therapists - Williams and Post

(Pl's Mot. Summ. J. at 21).

2. Treating physician rule is where more weight is given to the opinions of treating sources. 20 C.F.R. § 404.1527(d)(2) (2006).

& Decker Disability Plan v. Nord, 538 U.S. 822, 834 (2003).  In this case, while the Defendant attributed some weight to the opinions of the Plaintiff's treating physicians, the Defendant also credited an independent report submitted by Dr. Bauer, Board Certified Orthopedic Surgeon.  Dr. Bauer, after a thorough review of the Plaintiff's medical records, determined Plaintiff has some limitations, but is able to work.   The Defendant did not act arbitrarily or capriciously in choosing to credit some of the Plaintiff's treating physicians' opinions as well as Dr. Bauer's Report.  Thus, the Plaintiff's argument is without merit.

    **2. Failed to consider and/or address that Plaintiff's second failed fusion would require Plaintiff to undergo a third cervical fusion attempt**

  The Plaintiff's second argument is without merit because the Defendant did consider that the Plaintiff would need to undergo a third cervical fusion attempt and thus the Defendant could not have acted arbitrarily and capriciously as suggested by the Plaintiff.  The Defendant's consideration of the Plaintiff's second argument is evidenced in a letter from the Defendant to the Plaintiff dated February 28, 2006 which states: "Although, Ms. Hession may undergo further surgery or treatment for her condition, review of her medical records does not support an impairment that would have prevented her from performing the duties of her regular occupation as of April 1, 2005."  (Pru 000263).  The previous statement is a clear indication that the Defendant considered the Plaintiff's failed cervical fusion and the need for a third fusion.  Thus, Plaintiff's second argument is without merit.

  Moreover, an independent review of the Plaintiff's medical records was performed by Dr. Bauer, who also noted the Plaintiff's impairment, failed fusion at C6-7, and the potential for further surgery.  (Pru 00070).  Thus, there is no evidence in the record that the

Defendant acted arbitrarily and capriciously with respect to the Plaintiff's failed fusion at C6-7 and the need for further surgery.

### 3. Denied disability benefits based on false representation of FCE results

The Plaintiff's third argument is without merit because the Defendant did not falsely represent the results of the FCE. The Defendant's representations concerning the FCE results are as follows:

> On April 14, 2005 Ms. Hession had an [sic] Functional Capacity Evaluation (FCE) which showed she has postural abnormalities and scoliosis. Ms. Hession was also noted to have limitations brought on by pain. She was felt to have given her best effort despite her fearful guarding behaviors. She was felt to have weakness in the right upper body and in both legs. She was able to work at her job level. The FCE noted Ms. Hession could look for positions on a part time basis with limited manual tasks, work station adjustment and break flexibility.
> . . .
>
> The FCE indicates Ms. Hession could only perform part time work however there is no medical basis to limit her hours to six, Ms. Hession's complaints of pain appear to be somewhat exaggerated given [sic] review of her medical records.

(Pru 00262-00263). As the above text indicates, the Defendant did not misrepresent the FCE results. In fact the only point in which the Defendant and the FCE results differ is whether there is a medical basis to support limiting the Plaintiff to work part time. Under a slightly heightened arbitrary and capricious standard, the plan administrator must have sufficient evidence in the record that would lead a reasonable person to agree with the administrator's decision. Courson v. Bert Bell NFL Player Retirement Plan, 214 F.3d 136, 142 (Cir 3d 2000). In this case, there is sufficient evidence to support the plan administrator's, Prudential's, decision that there was no medical basis for the Plaintiff to work part time. The Defendant had an independent review of

9

Plaintiff's medical records done by Dr. Bauer and the review concluded that the Plaintiff should be able to sit for forty-five minutes per hour[3] and that Plaintiff's pain was exaggerated.[4] (Pru 00070-00071). Based on Dr. Bauer's Report and the Plaintiff's medical records the Defendant had sufficient evidence to conclude the Plaintiff is able to perform her sedentary job as a Fraud Services Representative. Therefore, this argument is without merit.

### 4. Defendant misrepresented that it had retained a Board Certified Neurosurgeon to review Plaintiff's medical records

The Defendant did represent that it had retained a Board Certified Neurosurgeon to review Plaintiff's medical records. (Pru 00262). When in fact the Defendant actually retained Dr. R. David Bauer a Board Certified Orthopedic Surgeon who specializes in spinal surgeries. Garland Spine Center, http://verizonsupersite.com/getbacktolifecom/davidcv/ (last visited June 6, 2007). Although, the Plaintiff correctly argues the Defendant's misrepresentation, the Plaintiff fails to explain why it is necessary for a neurosurgeon to review her file. Also, the Plaintiff argues Dr. Bauer acted arbitrarily and capriciously when he concluded that the Plaintiff had the ability to sit for forty-five minutes per hour, but there is evidence in the record to support this conclusion because Dr. Bauer drew his conclusion from the FCE Report. (Pru 00155).

The Court has concluded that whether a neurosurgeon or an orthopedic surgeon reviewed the Plaintiff's medical records is immaterial because both types of surgeons have

---

3. Conclusion drawn from the FCE Report which stated that the Plaintiff "was observed sitting in a straight backed chair over a 45 minute period." (Pru 00155).

4. Dr. Bauer reviewed an approximately 16 minute video of the Plaintiff in which "[s]he very calmly and dispassionately discusses [her] extreme pain." Additionally, the Plaintiff does not exhibit any pain behavior throughout the video rather "[s]he seems very calm describing these extreme symptoms." (Pru 00070).

expertise in cervical fusions and related problems[5] and the Plaintiff failed to cite any basis for requiring a neurosurgeon to review her medical records. Therefore, the fourth argument fails.

### 5. Dr. Bauer's Review fails to address Plaintiff's functional capacity to return to her pre-injury job

The Plaintiff is correct the Defendant did not specifically request Dr. Bauer to assess the Plaintiff's functional capacity to return to her pre-injury job. However, the Defendant did have Dr. Bauer assess the Plaintiff's general functional capacity. In his review Dr. Bauer was asked to address the following questions/statements:

> 1. Based on the documentation reviewed, does Ms. Hession have functional impairment(s) from April 1, 2005 forward? If so, please list the functional impairment(s) and the evidence supporting your opinion.
> 2. Please identify appropriate restrictions and/or limitations in terms of the claimant's ability to sit, stand, walk, lift, reach, and carry, based on the functional impairment(s) you have listed. Please also note the duration of any applicable restrictions and/or limitations (e.g. temporary or permanent) and the evidence supporting your opinion.

(Pru 00070). The above questions/statements Dr. Bauer was asked to assess in his review are sufficient to help the Defendant makes its benefit determination decision which is the reason the Defendant retained Dr. Bauer to review Plaintiff's medical records. Therefore, the Plaintiff's fifth argument is without merit.

### 6. Defendant failed to consider Plaintiff's daily life limitations resulting from her failed cervical fusions

The Plaintiff's sixth argument is erroneous because the record contains instances of the Defendant's consideration of Plaintiff's failed cervical fusions and there impact on her life.

---

5. Neurosurgeon: "A surgeon specializing in operations on the brain, spinal cord, spinal column, and peripheral nerves." STEDMAN'S MEDICAL DICTIONARY 1214 (27th ed. 2000).
    Orthopedics: "The medical specialty concerned with the preservation, restoration, and development of form and function of the musculoskeletal system, extremities, spine, and associated structures by medical, surgical, and physical methods." STEDMAN'S MEDICAL DICTIONARY 1277 (27th ed. 2000).

By way of example the Court refers Plaintiff to notes from a telephone conversation between the Plaintiff and Defendant in which the Plaintiff states she is able to: walk to the drugstore, do some grocery shopping, perform light cooking, do laundry with the aide of a neighbor, and do some driving. (Pru 00290- 00291). Clearly, the Defendant considered Plaintiff's life limitations as a result of the failed cervical fusions and therefore, Plaintiff's sixth argument is without merit.

> **7.     Failed to consider that Plaintiff is completely disabled as a result of her severe cervical condition and that Plaintiff will have to undergo a third surgery**

The Plaintiff's final argument tends toward the preposterous because the Defendant has clearly from its letters, notes from telephone conversations, and Dr. Bauer's independent report, gone to great lengths to consider the Plaintiff's cervical condition and the fact that she would likely have to undergo a third cervical fusion attempt. The only difference is that the Defendant concluded that while the Plaintiff has functional limitations she would still be able to work as a Fraud Services Representative. Furthermore there is substantial evidence in the record to support the Defendant's decision to discontinue Plaintiff's benefits. Thus, this final argument is without merit.

## IV.    CONCLUSION

For the reasons stated above, Defendant's Motion for Summary Judgment is granted and Plaintiff's Motion for Summary Judgment is denied.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CYNTHIA HESSION, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 06-CV-01641 |
| | : | |
| v. | : | |
| | : | |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | : | |
| | : | |
| Defendant. | : | |

## ORDER

AND NOW, this 8th day of June 2007, upon consideration of Plaintiffs' Motion for Summary Judgment (Docket No. 9) and all responses thereto, Defendant's Motion for Summary Judgment (Docket No. 10) and all responses thereto, it is hereby **ORDERED** that Plaintiffs' motion is **DENIED** and Defendant's motion is **GRANTED**. Judgment is entered in favor of defendant The Prudential Insurance Company of America and against plaintiff Cynthia Hession.

This case is **CLOSED**.

BY THE COURT:


*s/ Ronald L. Buckwalter, S. J.*
RONALD L. BUCKWALTER, S.J.